EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FROILÁN TRINIDAD FERNÁNDEZ c/p EL ITALIANO, acusado y apelante.

*Número:* CR-66-291     *Resuelto:* 31 de enero de 1967

*José Rafael Gelpí,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal presentó tres acusaciones contra el apelante por infracciones a la Sec. 4 de la Ley Núm. 220 de 15 de mayo de 1948 (Ley de la Bolita).

El día del juicio el apelante, aunque hizo alegación de inocente a los fines de impugnar la suficiencia de las acusaciones admitió en corte abierta personalmente y por conducto de su abogado, los hechos alegados en las acusaciones. Fue declarado culpable y sentenciado a cumplir concurrentemente un año de cárcel en cada uno de los casos.

Como único motivo para solicitar la revocación de las sentencias, alega en este recurso que las acusaciones no exponen hechos constitutivos de delito.

Se le imputó en las acusaciones que para los días 19 y 27 de julio y 3 de agosto de 1964, "ilegal, voluntaria, maliciosa y criminalmente tenía en su posesión y dominio material relacionado con el juego ilegal de la bolita".

La Sec. 4 de la Ley de la Bolita([1]) que se imputa en la acusación haber sido infringida por el apelante, dispone en lo pertinente:

"Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket,* libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'bolita', 'bolipul', combinaciones relacionadas con los 'pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público y será arrestada inmediatamente, dándose traslado del caso sin demora al fiscal con jurisdicción, quien formulará la correspondiente acusación. . . ."

Si bien en la imputación de un delito la acusación no tiene que emplear estrictamente las palabras usadas en la ley, debe, sin embargo, contener una exposición de los hechos esenciales constitutivos del delito. Regla 35 de Procedimiento Criminal.

---

([1]) 33 L.P.R.A. sec. 1250.

■ Con el propósito de dar una interpretación razonable a la referida Sec. 4 y salvar su constitucionalidad, resolvimos en *Pueblo* v. *Mantilla*, 71 D.P.R. 36 (1950), reafirmando expresamente lo que habíamos hecho en el caso de *Pueblo* v. *De Jesús*, 70 D.P.R. 37 (1949), que la conjunción "o" debía leerse como conjunción "y" de suerte que no constituyera delito bajo dicha sección la posesión del material especificado en la ley que fuera susceptible de uno inocente si además dicho material no estaba conectado con la práctica de los juegos ilegales allí mencionados. Por lo tanto, una acusación por violación a la Sec. 4 debe alegar tanto que el material en posesión del acusado *se podrá utilizar o usar* en dichos juegos ilícitos como que dicho material estaba conectado con la práctica de los mismos. En otras palabras, la acusación debe contener la alegación de que el material se pudiere utilizar o usar en los juegos ilícitos de la "bolita", "bolipul", etc., y que dicho material está conectado con la práctica de dichos juegos ilegales.

■ Aunque no es necesario, pero sí conveniente, describir el material en la acusación—*Pueblo* v. *Mantilla*, supra —la misma debe contener las alegaciones que apuntamos en el párrafo precedente. Las acusaciones radicadas en este caso contra el apelante solamente le imputan la posesión y dominio de *"material* relacionado con el *juego ilegal de la bolita"*. Admitiendo que el vocablo "relación", significa "tener conexión", ni siquiera se alega que esa relación es con la práctica del juego ilegal de la bolita. Y como hemos visto tampoco se alega en las acusaciones que el material en posesión del apelante *podrá* utilizarse o *usarse* en el juego ilícito de la bolita.

*No imputando las acusaciones la comisión del delito prescrito en la Sec. 4 de la Ley de la Bolita, se revocarán las sentencias apeladas.*