EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR FEBRES COLÓN y RAFAEL RUIZ CRUZ, acusados y apelantes.

*Número:* CR-66-317          *Resuelto:* 29 de junio de 1967

*Julio Suárez Garriga,* abogado de los apelantes; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

SENTENCIA

Los apelantes, Víctor Febres Colón y Rafael Ruiz Cruz, fueron acusados y convictos de la infracción a la Sec. 4 de la Ley de la Bolita.

En apelación apuntan que el tribunal de instancia incurrió en error (1) al no desestimar las acusaciones ya que no imputan un delito público y (2) en la apreciación de la prueba.

Concluimos que el tribunal incurrió en el error primeramente apuntado y por lo tanto las convicciones de los ape-

lantes no pueden sostenerse. Resulta innecesario discutir el segundo apuntamiento.

Ambas acusaciones alegan que en determinada fecha, en Santurce, P.R., los acusados ". . . tenían en su posesión y dominio *material relacionado con el juego ilegal de la bolita y/o bolipool.*" (Énfasis nuestro.) Es evidente que esta acusación no expone hechos constitutivos del delito establecido por la Sec. 4 de la Ley de la Bolita (33 L.P.R.A. sec. 1250), pues no alega que dicho material se pudiere utilizar o usar en los referidos juegos ilícitos y que estuviese conectado con la práctica de los mismos. *Pueblo* v. *Trinidad Fernández,* 93 D.P.R. 897 (1967).

En vista de lo expuesto, *se revocan las sentencias dictadas en este caso por el Tribunal Superior, Sala de San Juan, en 20 de abril de 1964.*

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente. Los Jueces Asociados Señores Hernández Matos, Blanco Lugo, Dávila y Ramírez Bages expresan que además están de acuerdo con el voto concurrente del Juez Asociado Señor Pérez Pimentel. El Juez Asociado Señor Santana Becerra disintió por los fundamentos consignados en su opinión disidente con la cual concurre el Juez Asociado Señor Rigau. El Señor Juez Presidente no intervino.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:
(Fdo.) Joaquín Berríos
*Secretario*

—O—

Voto Concurrente del Juez Asociado Señor Pérez Pimentel, con el cual están conformes los Jueces Asociados Señores Hernández Matos, Blanco Lugo, Dávila y Ramírez Bages

174

San Juan, Puerto Rico, a 29 de junio de 1967

Las acusaciones imputan a los apelantes que "tenían en su posesión y dominio material relacionado con el juego ilegal de la bolita y/o bolipool".

En el caso de *Pueblo* v. *Trinidad Fernández*, 93 D.P.R. 897 (1967), resolvimos que una acusación similar no imputaba una violación de la Sec. 4 de la Ley de la Bolita (33 L.P.R.A. sec. 1250). Al efecto dijimos en dicho caso:

"La Sec. 4 de la Ley de la Bolita que se imputa en la acusación haber sido infringida por el apelante, dispone en lo pertinente:

'Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket*, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la "bolita", "bolipul", combinaciones relacionadas con los "pools" o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público y será arrestada inmediatamente, dándose traslado del caso sin demora al fiscal con jurisdicción, quien formulará la correspondiente acusación, . . .'

"Si bien en la imputación de un delito la acusación no tiene que emplear estrictamente las palabras usadas en la ley, debe, sin embargo, contener una exposición de los hechos esenciales constitutivos del delito. Regla 35 de Procedimiento Criminal.

"Con el propósito de dar una interpretación razonable a la referida Sec. 4 y salvar su constitucionalidad, resolvimos en *Pueblo* v. *Mantilla*, 71 D.P.R. 36 (1950), reafirmando expresamente lo que habíamos hecho en el caso de *Pueblo* v. *De Jesús*, 70 D.P.R. 37 (1949), que la conjunción 'o' debía leerse como conjunción 'y' de suerte que no constituyera delito bajo dicha sección la posesión del material especificado en la ley que fuera susceptible de uso inocente si además dicho material no estaba conectado con la práctica de los juegos ilegales allí mencionados.

Por lo tanto, una acusación por violación a la Sec. 4 debe alegar tanto que el material en posesión del acusado *se podrá utilizar o usar* en dichos juegos ilícitos como que dicho material estaba conectado con la práctica de los mismos. En otras palabras, la acusación debe contener la alegación de que el material se pudiere utilizar o usar en los juegos ilícitos de la 'bolita', 'bolipul', etc., y que dicho material está conectado con la práctica de dichos juegos ilegales."

El voto disidente del compañero Juez Asociado, Sr. Santana Becerra, sostiene que la alegación escueta de que el acusado "tenía en su posesión y dominio material relacionado con el juego ilegal de la bolita y/o bolipool", es suficiente para imputarle el delito previsto en la Sec. 4 de la Ley de la Bolita. Sostiene que la acusación es suficiente si sigue las palabras del estatuto. Generalmente así es pero en este caso se siguieron parte de las palabras del estatuto y se omitieron otras que integran uno de los elementos esenciales del delito prescrito en la referida Sec. 4, si es que ratificamos lo resuelto en los casos de *Pueblo* v. *De Jesús*, 70 D.P.R. 37 (1949) y *Pueblo* v. *Mantilla*, 71 D.P.R. 36 (1950), en el sentido de que la conjunción "o" podía leerse como la conjunción "y" de suerte que no constituyera delito la posesión de aquel material descrito en dicha Sec. 4 ó implementos "que pudieren usarse para los juegos ilegales de la 'Bolita', 'Bolipool',. . . . o cualesquiera otros análogos que se pudieran utilizar o usar en dichos juegos ilícitos . . . ".

La acusación en este caso como en el de *Trinidad Fernández* sigue parcialmente las palabras del estatuto que siguen a la conjunción "o", o sea, que tenían en su posesión y dominio material relacionado con el juego ilegal de la bolita y/o bolipool pero no sigue las palabras del estatuto que anteceden a la conjunción "o" porque omite la alegación que dicho material podía usarse para el juego ilegal de la bolita y/o bolipool y que se pudieran utilizar o usar en dichos juegos ilegales.

Según el voto disidente estas alegaciones son innecesarias porque el acusado puede inferir que han sido hechas en la acusación porque es de presumirse que material relacionado con el juego de la bolita y/o bolipool se puede usar y utilizar en dichos juegos.

Descarta el voto disidente la probabilidad de que material relacionado con el juego de la bolita y/o bolipool, no sea material que podría usarse y que se pudiera utilizar en dicho juego ilegal, como lo serían boletos o listas de números de jugadas ya pasadas, o material parcialmente destruido o inservible su uso para el juego o que por alguna otra circunstancia ya no se pueden usar en el referido juego ilegal. A esto contesta el voto disidente que "el mecanismo que proveen las Reglas 38 y 64(o) de las de Procedimiento Criminal se encarga, mediante la exigencia al Fiscal de un pliego de especificaciones, de la situación en que la posesión del material que se imputa relacionado con el juego ilegal sea material no susceptible de dicho juego. Si del pliego de especificaciones, que las Reglas lo consideran como parte integrante o complementaria de una acusación surgiere que el material poseído era capaz de uso inocente, incuestionablemente que procedería desestimar la misma bajo lo dispuesto en la Regla 64(o)."

De acuerdo con la Regla 38(a) de Procedimiento Criminal[1] el tribunal puede permitir en cualquier momento las enmiendas necesarias para subsanar los defectos de forma de que adoleciere la acusación, la denuncia o un escrito de especificaciones que no afecten los derechos sus-

---

[1] La Regla 38(a) dispone:

"(a) *Subsanación de defectos de forma.* Si la acusación, la denuncia o un escrito de especificaciones adolecieren de algún defecto, imperfección u omisión de forma aludido en la Regla 36, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanarlo. En ausencia de enmienda, dicho defecto, imperfección u omisión se entenderá subsanado una vez rendido el veredicto del jurado o el fallo del tribunal."

tanciales del acusado([2]) y que una vez rendido el veredicto o fallo del tribunal, en ausencia de enmiendas, dicho defecto, imperfección u omisión se entenderá subsanado.

Si el defecto u omisión fuere sustancial, conforme a la Regla 38(b) ([3]) el tribunal puede permitir en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación el acusado tendrá derecho a que se celebre de nuevo el acto de la lectura de la acusación.

Esta regla no impone al acusado la obligación de solicitar un pliego de especificaciones cuando el defecto en la acusación o denuncia consiste en la omisión de alegar uno o más de los elementos integrantes del delito imputado. En tal caso el remedio del acusado es la moción para desestimar la acusación provista en la Regla 64. De ocurrir esto el tribunal puede ordenar la desestimación de la acusación u ordenar que se subsane el defecto sustancial de que adolece, debiendo en este último caso celebrarse de nuevo el acto de la lectura de la acusación.

No es función del pliego de especificación de particulares (*bill of particulars*) enmendar una acusación o denuncia que adolece de un defecto, omisión o imperfección sustan-

---

([2]) La Regla 36 dispone:

"Una acusación o denuncia no será insuficiente, ni podrán ser afectados el juicio, la sentencia o cualquier otro procedimiento basados en dicha acusación o denuncia, por causa de algún defecto, imperfección u omisión de forma que no perjudicare los derechos sustanciales del acusado."

([3]) La Regla 38(b) dispone:

"(b) *Subsanación de defecto sustancial*. Si la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. Si se tratare de una denuncia, el acusado tendrá derecho a que el juicio se le celebre después de los cinco días siguientes a aquel en que se hiciere la enmienda."

cial. El mecanismo que ofrecen las Reglas de Procedimiento Criminal para corregir defectos sustanciales en la acusación o denuncia, no es, ni obligando al acusado a solicitar especificaciones, ni autorizando al fiscal a servir dicho pliego al acusado, sino que el defecto sustancial debe subsanarse mediante enmienda a la acusación. Solamente cuando el defecto es de forma, las Reglas permiten que se subsane mediante un pliego de especificación de particulares. Por eso la Regla 38(a) menciona el "escrito de especificaciones" al decir "Si la acusación, la denuncia o un escrito de especificaciones adolecieren de algún defecto, imperfección u omisión de forma aludido en la Regla 36, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanarlo. Etc." En el apartado (b) de esa Regla 38, que es el que dispone la forma de enmendar las acusaciones o denuncias que adolecen de defectos sustanciales, no se menciona, como se hace en el apartado (a) de dicha Regla 38, el escrito de especificaciones.

Esto es así porque la función de un escrito de especificaciones es la de suministrar al acusado, a su requerimiento, información adicional bajo una acusación o denuncia válida, con el objeto de poder preparar su defensa o para protegerse contra una segunda convicción por el mismo delito.

Véase anotación en 5 A.L.R.2d 444.

En el caso de *Trinidad Fernández* citamos los de *De Jesús* y *Mantilla* como autoridad sobre la interpretación de la Sec. 4 de la Ley de la Bolita, al efecto de que la conjunción "o" usada en dicha sección debía leerse como la conjunción "y". De ahí nuestra conclusión en dicho caso de *Trinidad Fernández* de que leída así la Sec. 4, en la acusación debía alegarse tanto que el material u otros implementos podían usarse o utilizarse en los juegos ilegales de la bolita y/o bolipool como que dicho material o implementos estaban conectados con la práctica de dichos juegos.

Si según el voto disidente es suficiente una acusación en la que solamente se alegue que el material estaba relacionado con el juego de la bolita y/o bolipool, también sería suficiente una acusación en la que solamente se alegue que el acusado tenía en su posesión y dominio material que podía usarse o utilizarse en dichos juegos, pues al sostenerse la suficiencia de la primera acusación—posesión de material relacionado con el juego de la bolita y/o bolipool—se está sosteniendo que la conjunción "o" de la Sec. 4 deberá seguirse leyendo como conjunción "o" y no como conjunción "y" según ya ha resuelto este Tribunal en los casos de *De Jesús* y *Mantilla*, supra.

Se argumenta en el voto disidente, copiando ciertas partes de la opinión del caso de *Mantilla* que "lo que exigimos en el caso de *Mantilla* fue prueba, antes de una convicción, de que el material poseído se conectaba con el *manejo efectivo* del juego ilegal. En otras palabras, que si la prueba demostraba solo material de uso inocente no podía haber convicción".

Toda esta argumentación sobre la prueba y la que le precedió llevó al Tribunal a concluir en el caso de *Mantilla* que como la Sec. 4 requería una demostración adicional de que los objetos envueltos que podían utilizarse o usarse en los juegos ilegales de la bolita y/o bolipool estaban conectados con el juego de la bolita, el problema sobre la constitucionalidad de la Sec. 4, se desvanecía.

En este caso de *Mantilla*, el único ataque a la suficiencia de la acusación se fundó en que no se describía el material que la acusada podía usar y usaba en el juego de la bolita. Se resolvió que la palabra "material" incluye los implementos específicamente nombrados en la Sec. 4 y que si la acusada deseaba una descripción más específica del material, la pudo obtener solicitando un pliego de particulares.

La acusación en el caso de *Mantilla* era suficiente, una vez resuelto que no había necesidad de describir el material.

Dicha acusación imputó a la acusada que "fue sorprendida mientras ilegal, voluntaria y maliciosamente tenía en su posesión, dentro de su casa, material *que la acusada podía usar* y usaba en el juego ilegal de bolita".

Dicha acusación contiene, pues, la alegación de que (1) el material se podía usar en el juego ilegal de la bolita, y (2) la conexión de ese material con la práctica de dicho juego, toda vez que se alegó que ella *usaba* el material en el juego de la bolita.

En el caso de autos no se alega en la acusación que el material de bolita, que no se describe, podía usarse o utilizarse en el juego ilegal de bolita y/o bolipool y éste es uno de los elementos integrantes del delito definido en la Sec. 4 de la Ley de la Bolita. Como cuestión constitucional, el acusado tiene derecho a que se le notifique de la naturaleza y causa de la acusación([4]) y esta disposición implica indudablemente que la acusación debe contener todos los elementos integrantes del delito que se imputa. Por lo menos en la implementación de esa norma constitucional la legislatura proveyó la forma de disponer de una acusación que no imputa la comisión de delito y ciertamente no es una de esas formas, la de que el acusado solicite del fiscal que le informe cuáles son los elementos del delito que pretende imputarle.

Por los motivos consignados anteriormente, he votado a favor de la revocación de la sentencia apelada.

—O—

Opinión Disidente del Juez Asociado Señor Santana Becerra en la cual concurre el Juez Asociado Señor Rigau

San Juan, Puerto Rico, 29 de junio de 1967

A los apelantes se les imputó que en distintas ocasiones "tenían en su posesión y dominio material relacionado con

---

([4]) Sección 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico.

el juego ilegal de la bolita y/o bolipool". El Tribunal resuelve por sentencia que esta acusación no imputa la comisión de delito porque "no se alega que dicho material se pudiere utilizar o usar en los referidos juegos ilícitos y que estuviese conectado con la práctica de los mismos", y revoca las sentencias condenatorias.

La Sec. 4 de la Ley Núm. 220 de 15 de mayo de 1948 conocida como Ley de la Bolita, dispone que:

"Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket*, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'bolita', 'bolipul', combinaciones relacionadas con los 'pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas,

y toda persona que *poseyere, vendiere*, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos,

incurrirá en delito público *y será arrestada inmediatamente, . . . .*"

La acusación en este caso, que alegó que los apelantes "tenían en su *posesión* y dominio material relacionado con el juego ilegal de la bolita y/o bolipool" les imputó claramente una violación de la anterior Sec. 4 que declara delito el *poseer* material conectado con los juegos clandestinos que en dicha sección se informan. Es doctrina muy familiar que una acusación que sigue las palabras del estatuto es suficiente. La única variación en este caso fue la sustitución del vocablo "conectado" por el de "relacionado", pero ambos vocablos dan igual idea de relación o atadura del material poseído con el juego ilegal.

Según anticipé en la expresión hecha en el "escolio 2" de mi opinión disidente en el caso *Pueblo* v. *Soto Zaragoza*, 94 D.P.R. 350 (1967), ante una observación que también aparece en el "escolio 6" de la opinión de la mayoría en

dicho caso, si se imputa que un material está *conectado o relacionado* con el juego ilegal de la bolita, por inevitable y lógica inferencia tal material es susceptible de ser utilizado en dicho juego. Como también expuse en el referido "escolio 2", el mecanismo que proveen las Reglas 38 y 64(*o*) de las de Procedimiento Criminal se encarga, mediante la exigencia al fiscal de un pliego de especificaciones, de la situación en que la posesión del material que se imputa relacionado con el juego ilegal sea material no susceptible de dicho juego. Si del pliego de especificaciones, que las reglas lo consideran como parte integrante o complementaria de una acusación surgiere que el material poseído era capaz de uso inocente, incuestionablemente que procedería desestimar la misma bajo lo dispuesto en la Regla 64(*o*).(¹)

En el caso de autos no aparece del récord que los apelantes solicitaran especificaciones de la acusación. La acusación que tal como se redactó sencillamente sigue las palabras del estatuto imputa, a mi juicio, a los apelantes, una infracción de la Sec. 4 de la Ley de Bolita con tal claridad y suficiencia como para satisfacer cualquier garantía constitucional del debido procedimiento.

La sentencia de la mayoría en este caso cita nuestra decisión en *Pueblo v. Trinidad Fernández*, 93 D.P.R. 897 (1967). El caso de *Trinidad Fernández* halla apoyo en *Pueblo v. De Jesús*, 70 D.P.R. 37 (1949), y en *Pueblo v. Mantilla*, 71 D.P.R. 36 (1960). Un reexamen de esos dos casos me ha llevado a las siguientes conclusiones:

En el caso de *De Jesús* no se presentó un problema de suficiencia de las alegaciones de la acusación para imputar

---

(¹) La Regla 64 dispone: "La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

.  .  .  .  .  .  .

(*o*) Que de los hechos expresados en el *pliego de especificaciones* consta que el delito imputado en la acusación o denuncia no fue cometido, o que el acusado no lo cometió . . ." (Énfasis puesto.)

delito. Contestando un ataque de inconstitucionalidad plena de la Sec. 4 de la Ley por razón de ser vaga e imprecisa en cuanto al delito, dijimos en el de *De Jesús*, 70 D.P.R. 37, 41 (1949) :

"El apelante no cita autoridad alguna en apoyo de la alegada inconstitucionalidad de la ley. Arguye, sin embargo, que esa sección 'es irrazonable y que la misma afecta el derecho de propiedad y la libertad del individuo. En apoyo de su tesis dice que el que portare, condujere o tuviese en su poder cualquier papel, libreta, boleto, etc., incurre en delito de acuerdo con dicha sección, toda vez que esos artículos pueden utilizarse para el juego de la bolita; que bastará agregar a un papel en blanco que se porte, un número de tres cifras, y el delito quedará consumado; y que también se cometerá el delito al portar un papel en blanco, pues puede usarse en el futuro para llenarlo de guarismos que se usen para el juego de la bolita. En otras palabras, la contención del acusado parece ser que la sección 4 define vaga e imprecisamente el delito y que por consiguiente, es inconstitucional.

La ley que nos ocupa, en su sección primera, empieza por declarar estorbo público a los juegos generalmente conocidos por bolita o boli-pool y es de conocimiento general los esfuerzos que por muchos años se han venido haciendo para erradicar este mal social que tantos perjuicios causa, especialmente en la clase pobre que es la que por lo general participa en ese juego. Para lograr su fin, la Legislatura ha tratado de atacar el mal en la forma más eficiente posible. No convenía usar un lenguaje demasiado específico. Difícil en extremo, si no imposible, hubiera sido para el legislador prever todas las ingeniosas combinaciones y artificios de que los infractores de la ley podrían valerse para burlarla.

La regla de que los estatutos penales deben ser estrictamente interpretados a favor de las personas acusadas de infringirlos, no requiere que a las palabras de una ley se les dé su significado más restringido ni que la intención evidente del legislador sea menospreciada. Para interpretar correctamente una ley, debe buscarse la intención legislativa, no en una frase aislada o en una de sus secciones, sino en el contexto de todo el estatuto, teniendo en cuenta el propósito perseguido por el legislador.

*Donnelley* v. *United States,* 276 U.S. 505· (1928) y *United States* v. *Giles,* 300 U.S. 41 (1937).

La interpretación propuesta por el apelante, al efecto de que por el mero hecho de portarse un papel o una libreta en blanco, se viola la sección 4, es irrazonable. *Ninguna corte de justicia podría interpretar el estatuto en ese sentido."* (Énfasis puesto.)

El caso posterior de *Mantilla* también envolvía un ataque a la constitucionalidad de la Sec. 4 por ser "vaga e indefinida que viola la cláusula del debido procedimiento de ley de la Carta Orgánica, 48 U.S.C., sec. 737." 71 D.P.R., pág. 39 (1950). Dijimos a la pág. 41:

"La proposición de que la sección 4 condena la posesión de objetos inocentes y es por consiguiente inconstitucionalmente vaga no es nueva. Se presentó en *Pueblo* v. *De Jesús,* 70 D.P.R. 37, en el cual se resolvió por este Tribunal con el siguiente lenguaje (págs. 42–43):

[Se cita del caso de *De Jesús*]

"No obstante la acusada sostiene que el caso de *De Jesús* fue erróneamente resuelto y debe ser revocado. Su posición es que el lenguaje de la sección 4 es claro y libre de toda ambigüedad y que este Tribunal no puede redactarla de nuevo so pretexto de interpretarla para salvar su constitucionalidad. Así hacerlo, alega, sería invadir nosotros las prerrogativas de la Legislatura y violar la doctrina de la separación de poderes.

Sin embargo, no convenimos en que la sección 4 escuetamente provee de su faz que la mera posesión de objetos que son susceptibles de uso inocente constituye delito. Según indicamos en el caso de *De Jesús,* ésta puede ser la primera impresión obtenida de una ligera lectura de la sección 4, independientemente de las otras disposiciones de la Ley núm. 220. Pero creemos que la intención de la Legislatura de darle un significado diferente con este lenguaje, se torna manifiesta cuando examinamos la sección 4 cuidadosamente a la luz de varias reglas de interpretación estatutaria."

Como parte de esas reglas de interpretación expusimos que la conjunción "o" en la Sec. 4 podía leerse como la conjun-

ción "y" en un estatuto, si con esto se lograba hacer cumplir la intención legislativa. Y dijimos (pág. 43) "que si la imputación de posesión envuelve materiales susceptibles de uso inocente, no se puede obtener una convicción bajo la sección 4 *a menos que se pruebe* que los materiales estaban conectados con el manejo efectivo de un juego de bolita." (Énfasis puesto.) Como podrá verse, lo que exigimos en *Mantilla* fue prueba, antes de una convicción, de que el material poseído se conectaba con el *manejo efectivo* del juego ilegal. En otras palabras, que si la prueba demostraba sólo material de uso inocente no podía haber convicción.

Pero el propio caso de *Mantilla* nos ofrece apoyo en nuestro criterio. Se dijo a la pág. 50 contestando al argumento de que la acusación no aducía hechos suficientes para imputar delito, porque la palabra "material" era vaga y podía incluir un traje, un zapato o cualquier cosa:

". . . En vista de la naturaleza de la materia envuelta, resolvemos que la *imputación de posesión de tal material* fue suficientemente precisa, a los fines de exponer una infracción bajo la sección 4. El caso de *Marini* fue resuelto bajo hechos diferentes y bajo una ley diferente, y es distinguible. *Si la acusada hubiera deseado una descripción más específica del material, la pudo haber obtenido solicitando un pliego de particulares.* [citas] Pero no hizo tal moción." (Énfasis puesto.)

Un reexamen del problema legal aquí envuelto me lleva a la conclusión que cometí error al convenir con la sentencia dictada en el caso de *Trinidad Fernández*. Como he llegado a ese convencimiento, no creo que deba perpetuarme atado al error. De haberse solicitado una reconsideración en el caso de *Trinidad Fernández*, posiblemente en reconsideración hubiera asumido la posición que ahora asumo.

Por las razones expuestas disiento y entiendo ahora que como problema de alegaciones, la acusación imputa una infracción a la Sec. 4 de la Ley de la Bolita, sin perjuicio del derecho que tenían los apelantes y que tiene cualquier otro

acusado de exigirle al fiscal que le especifique el material que se alega poseído. Si de la especificación surge que el material es inocente, procede que se desestime la acusación. Repito que bajo una acusación que imputa estar en *posesión* y dominio de material relacionado con el juego ilegal de la bolita, por ley de gravedad cae dentro de ese lenguaje la imputación de que el material es susceptible de ser usado en el juego ilegal.