MARGARO RODRÍGUEZ MALDONADO, demandante y peticionario, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y HONORABLE SECRETARIO DE JUSTICIA, demandados y recurridos.

*Número:* O-82-418          *Resuelto:* 24 de junio de 1983

*Félix A. Toro, Jr.,* abogado del peticionario; *Antonio Hernández Sánchez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Con motivo de una infracción a la Ley de Bolita, Núm. 220 del 15 de mayo de 1948 (33 L.P.R.A. sec. 1250), el Superintendente de la Policía confiscó el 25 de marzo de 1981 un vehículo de motor propiedad del recurrente Mar-

garo Rodríguez Maldonado. En cumplimiento de las disposiciones de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Núm. 39 del 4 de junio de 1960 (34 L.P.R.A. secs. 1721 y 1722), el Secretario de Justicia notificó al recurrente que su vehículo fue tasado en la cantidad de $1,000 y de su derecho de prestar fianza por el importe de la tasación dentro de los 25 días a partir de la notificación para levantar el vehículo confiscado. El recurrente no se acogió a este beneficio de fianza y prontamente impugnó la confiscación. Al ser absuelto de la infracción a la Ley de Bolita solicitó sentencia sumaria a su favor para que se le ordenara al Estado Libre Asociado a pagarle la suma de $1,000 más los intereses legales devengados a partir de la confiscación. Tomando en consideración que el recurrente no ejercitó su derecho de prestar fianza para levantar el vehículo confiscado, el tribunal denegó la compensación solicitada y ordenó que se le devolviera el vehículo.

No conforme, el recurrente instó recurso de *certiorari* ante este Tribunal en el que solicitó la revocación de la sentencia señalando como errores el que se hubiese determinado que el Estado Libre Asociado tiene la opción de entregar el vehículo confiscado transcurrido más de un año después de una confiscación ilegal.

La contención del recurrente es al efecto de que el Estado viene obligado a compensarle por la pérdida de uso del vehículo y por el deterioro causado por el transcurso del tiempo.

■ El procedimiento de confiscación establecido en la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, *supra*, faculta a la Administración de Servicios Generales a vender en pública subasta los vehículos confiscados, así como a destinarlos al uso oficial o a destruirlos.[1] Por supuesto, la Administración de Servicios

---

[1] Al respecto dispone el Art. 2 de dicha ley:

"(c) . . . podrá disponer para la venta en pública subasta de la propiedad

Generales no viene obligada a vender el vehículo en pública subasta ni a asignarlo para uso oficial o destruirlo. Puede muy bien conservar el vehículo sin destruirlo, siempre que le reserve al dueño la oportunidad de recobrar la posesión mediante la prestación de fianza. Véase, Opinión Núm. 1963–63 en XXXIV *Opiniones del Secretario de Justicia de Puerto Rico* 279 (1963).

El propósito primordial del estatuto es evitar la dilación en los procedimientos para la disposición de propiedad confiscada y los subsiguientes perjuicios que la misma causa al Estado o al dueño de la propiedad ocupada cuando un tribunal declara la ilegalidad de la confiscación. Véase, Informe de la Comisión de lo Jurídico Penal, 10 *Diario de Sesiones* 1918 (1958), y el Debate de la Cámara, 9 *Diario de Sesiones* 1743-1746 (1957), 10 *Diario de Sesiones* 996 (1958).

■ La fianza es el remedio que ofrece la ley a la persona con interés en recobrar la propiedad confiscada. Si el interesado no hace uso de su derecho de prestar fianza para recobrar la propiedad e impugna la confiscación con éxito, como en el caso de autos, ya que no se ha dispuesto en subasta del vehículo, su derecho queda limitado a recobrar sólo el monto de la tasación más los intereses al 6% anual a partir de la fecha de ocupación. Así lo dispone el Art. 2(e) de la ley al proveer que:

---

confiscada o la destinará para el uso oficial del Gobierno de Puerto Rico. En caso de no poder ser vendida en pública subasta, o no poder ser dedicada a uso oficial del Gobierno, la propiedad podrá ser destruida por el funcionario a su cargo, haciendo constar en un acta, que a dicho fin levantará, la descripción de la propiedad, los motivos para su destrucción, y la fecha y lugar en que se efectúa; debiendo notificar con copia de dicha acta al Secretario de Justicia.

.    .    .    .    .    .    .    .

"(e) Si la confiscación fuere impugnada judicialmente y el Tribunal decretase la ilegalidad de la misma, el Secretario de Hacienda de Puerto Rico, previa presentación de copia certificada de la resolución o sentencia firme del Tribunal, pagará a la persona que la impugnó el importe de la tasación o la suma obtenida en la venta en pública subasta en caso de que esta última sea la mayor, más intereses al 6% anual a partir de la fecha de la ocupación." 34 L.P.R.A. sec. 1722(c) y (e).

Si la confiscación fuere impugnada judicialmente y el Tribunal decretase la ilegalidad de la misma, el Secretario de Hacienda de Puerto Rico, previa presentación de copia certificada de la resolución o sentencia firme del Tribunal, pagará a la persona que la impugnó el importe de la tasación o la suma obtenida en la venta en pública subasta en caso de que esta última sea la mayor, más intereses al 6% anual a partir de la fecha de la ocupación. 34 L.P.R.A. sec. 1722(e).

Es claro que el estatuto no confiere derecho alguno al dueño para que el Estado le compense por la pérdida de uso del vehículo o por el deterioro causado por el transcurso del tiempo.

*Se dictará sentencia en la que se modifique la aquí recurrida, a los únicos fines de condenar al Estado Libre Asociado a pagar al recurrente la cantidad de $1,000, valor de tasación del vehículo, más los intereses al 6% anual a partir de la fecha de la ocupación. Así modificada, se confirma.*