# 98 DTA 151

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**
**PANEL I**

RAMON ENRIQUE HERNANDEZ H/N/C AC VENDING MACHINES INC.
Demandante-Apelado

v.

HECTOR RIVERA CRUZ
SECRETARIO DE JUSTICIA
Demandado-Apelante

Núm. KLAN-97-00881

San Juan, Puerto Rico, a 9 de marzo de 1998

Panel integrado por su Presidente, el Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

Broco Oliveras, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA ENMENDADA**

En el presente recurso de apelación se recurre de una sentencia dictada por el Tribunal de Primera Instancia que declaró ilegal la confiscación de unas máquinas de juegos de azar y entretenimiento, propiedad del demandante, como parte de la aplicación de la Ley de Juegos de Azar, Ley Núm. 11 de 22 de junio de 1933, 3 L.P.R.A. sec. 82.

Igualmente determinó el tribunal apelado, luego de permitir al demandante enmendar las alegaciones de su demanda de impugnación de la confiscación, que el Estado venía obligado a resarcir al afectado por la perdida de ingresos dejados de percibir, en adición a la compensación por el valor de los bienes confiscados más intereses desde la confiscación, que se establece en la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723k-1, para casos en que el Estado haya dispuesto o destruido los mismos.

Por entender que el procedimiento bajo el cual se instituyó la acción en este caso, Ley Uniforme de

Confiscaciones de 1988, no provee para una compensación adicional a la estatuida por la Asamblea Legislativa, revocamos la parte de la sentencia apelada que se refiere a la concesión de la suma de $75,000 por perdida de ingresos y así modificada, la confirmamos.

**I**

Varios agentes de la Policía de Puerto Rico y del Negociado de Arbitrios del Departamento de Hacienda, como parte de la implantación de la Ley de Juegos de Azar, *supra,* incautaron unas máquinas de juegos de azar propiedad del demandante que estaban ubicadas en distintos negocios del área de Bayamón.

Oportunamente, el demandante impugnó las confiscaciones alegando que las máquinas eran de entretenimiento y que por sus propias características no se habían utilizado ni se podrían utilizar en violación de la ley señalada anteriormente. El Tribunal de Primera Instancia determinó que las máquinas no eran del tipo prohibido por la ley siendo, por tanto, legales y ordenó su devolución. El Tribunal Supremo revocó la sentencia aduciendo que el expediente carecía de prueba sobre el funcionamiento de las máquinas y que había que determinar cuál era el elemento de azar en los juegos, entre otros fundamentos.

Estando el caso nuevamente ante la consideración del Tribunal de Primera Instancia, el demandante solicitó enmendar sus alegaciones, bajo el recurso de impugnación de la confiscación incoado al amparo de la Ley Uniforme de Confiscaciones, para reclamar la pérdida de los ingresos que le generaban las máquinas y solicitó que se le indemnizara de esa pérdida, en adición a lo dispuesto por esta ley. El tribunal apelado aceptó la enmienda, procediendo el demandante a presentar copia de las planillas de contribuciones sobre ingresos y sobre propiedad mueble y recibos de pagos de dichas contribuciones.

Así las cosas, el Tribunal de Primera Instancia dictó sentencia declarando con lugar la demanda de impugnación de confiscación, ordenó al Estado Libre Asociado, en adelante ELA, a pagar el valor de tasación de las máquinas, las cuales habían sido ya destruidas, más la cantidad de setenta y cinco mil dólares ($75,000) por concepto de los daños y pérdida de ingresos sufridos a causa de la incautación ilegal de las mismas.

Recurre el ELA señalando que el tribunal *a quo* cometió el siguiente error:

*"(1) Erró el Honorable Tribunal de Primera Instancia al ordenar compensación por lucro cesante dentro de una acción de impugnación de confiscación utilizando el criterio de relación causal y previsibilidad del daño sin haberse alegado actos específicos de negligencia, sin haber determinado que habían concurrido con la incautación acciones torticeras independientes. O que la incautación se hubiese efectuado con el propósito de subvertir una clara política pública o haya tenido ese efecto."*

**II**

Tenemos que resolver si bajo la Ley Uniforme de Confiscaciones de 1988, 34 L.P.R.A. sec. 1723 y ss., puede indemnizarse la pérdida de ingresos sufrida por un ciudadano a raíz de la confiscación de unos bienes de su propiedad por parte del Estado, la cual es luego declarada ilegal y los bienes han sido destruidos. Resolvemos en la negativa. Veamos.

En Puerto Rico, la confiscación de bienes por parte del Estado está regida por la Ley Uniforme de Confiscaciones de 1988, *supra,* que dispone que *"toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en ...las leyes de juegos prohibidos... será confiscada a favor del Estado Libre Asociado de Puerto Rico".*

En ésta se provee tanto el término para la notificación de la confiscación al titular de la propiedad como el procedimiento para impugnar la misma. El Art. 8 de la ley, 34 L.P.R.A. sec. 1723f, permite la impugnación en el término de quince (15) días a partir de la notificación hecha acorde con la sec. 1723b de la ley.

Cuando la Asamblea Legislativa aprobó la Ley Uniforme de Confiscaciones de 1988, expresó en la

exposición de motivos que la *"confiscación de los bienes que propician la comisión de un delito puede ser elemento disuasivo para el delincuente que por temor a exponerse al peligro de perder su propiedad limita su actividad delictiva o no le resulta tan fácil su realización. Además, es de justicia que la sociedad que ha sido perjudicada por las acciones delictivas pueda obtener algún beneficio mediante la confiscación de propiedad utilizada en la comisión de un delito y se detenga su uso para futuras acciones delictivas".*

*Sin embargo, nada se dispuso sobre una indemnización* en casos en que la confiscación fuere oportunamente impugnada y declarada ilegal por los tribunales. No es si no hasta la entrada en vigor de la Ley 55 de 16 de agosto de 1989 que la Asamblea Legislativa señala su interés de *"incorporar expresamente en el estatuto derechos que ya se han reconocido al demandante que obtiene una sentencia favorable en una acción de impugnación de confiscación."* Exposición de Motivos de la ley. *Leyes de Puerto Rico,* 1989, Equity de P.R., San Juan a la pág. 250.

Esta enmienda incluyó el Art. 13, 34 L.P.R.A. sec. 1723k-1, de donde surge la presente controversia y el cual reza así: *"En aquellos casos que el tribunal decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada al demandante o en caso de que haya dispuesto de la misma, el Estado Libre Asociado de Puerto Rico le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses de conformidad con la Regla 44.3 de Procedimiento Civil, Ap. III del Título 32, a partir de la fecha de la ocupación."*

Sobre la Ley Uniforme de Confiscaciones de 1988 el Tribunal Supremo ha expresado que en nuestra jurisdicción la confiscación es el acto de ocupación y de investirse para sí, que realiza el Ejecutivo por mandato de la Asamblea Legislativa, de todo derecho de propiedad sobre cualesquiera bienes, derechos, privilegios, intereses, reclamaciones, valores, dinero en efectivo, vehículos y cualquier otro medio de transportación, utensilios, artefactos, máquinas, equipo, instrumentos y cualquier otro objeto análogo que haya sido utilizado en relación con la comisión de delitos tipificados en el Código Penal de Puerto Rico, o en cualquiera de las leyes que menciona la ley. *Del Toro Lugo v. E.L.A.,* 136 D.P.R. , **94 J.T.S. 119.**

En *Rodríguez Maldonado v. E.L.A.,* 114 D.P.R. 446 (1983), sucedió que la Policía le confiscó un vehículo de motor a un ciudadano por su alegada participación en el juego ilegal de la bolita. Tasaron el mismo en unos mil dolares ($1,000) y éste impugnó la confiscación oportunamente. Pasado un año desde la confiscación y declarado inocente de los cargos imputados solicitó que se le devolviera el vehículo, el cual, por el tiempo transcurrido, se había deteriorado. Según el Tribunal Supremo, el ciudadano tuvo disponible la alternativa de prestar una fianza por el valor del bien y haberlo utilizado durante ese tiempo. Si optó por dejarlo allí, asumió el riesgo de la pérdida y no encontró razón alguna por la cual procediera una indemnización adicional al seis por ciento (6%) a partir de la fecha de la ocupación, dispuesto en la ley de aquél entonces.

Recientemente el Tribunal Supremo resolvió el caso *Jesús Alejandro Rivera v. E.L.A.,* 140 D.P.R. ___, **96 J.T.S. 50,** donde fueron confiscados unos inmuebles a un matrimonio bajo la Ley Uniforme de Confiscaciones de 1988. La confiscación fue declarada ilegal y se ordenó la devolución de los mismos a sus titulares. Estos reclamaron entonces el pago de intereses sobre el importe de la tasación desde la fecha de ocupación de los inmuebles hasta la fecha de su devolución, invocando el Art. 13 de la ley. El Tribunal de Primera Instancia ordenó al Estado que pagara el dinero solicitado por concepto de las angustias mentales y molestias sufridas por los demandantes.

La sentencia fue revocada aduciendo el Tribunal Supremo que la Ley Uniforme de Confiscaciones contempla dos alternativas: (1) devolver la propiedad ocupada al demandante o, (2) en caso de que se haya dispuesto de la misma, se pagará una suma de dinero. Igualmente señaló que de una lectura del artículo en controversia surge claramente que los intereses sólo procederán cuando se devuelva una suma de dinero por haberse dispuesto de la propiedad ocupada. Concluye la opinión haciendo énfasis en el hecho de que cuando la ley es clara y libre de toda ambiguedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. *Atiles, Admor. v. Comisión Industrial,* 77 D.P.R. 16 (1954).

En el caso de marras la parte demandante-apelada enmendó la demanda de impugnación para incluir una reclamación por ingresos dejados de percibir, la cual el Tribunal de Primera Instancia acogió favorablemente aduciendo que procedía el pago de esta cantidad utilizando como fundamento el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Apliquemos el derecho a los hechos.

En la Ley Uniforme de Confiscaciones de 1988 la Asamblea Legislativa dispuso dos mecanismos para resarcir a los ciudadanos que sufren una confiscación ilegal. El primero es la devolución del bien a su dueño y, el segundo, es para casos donde se haya dispuesto de lo confiscado, donde se resarcirá el valor de tasación al momento de realizarse la confiscación más intereses de tipo legal hasta la fecha del pago.

Según el Tribunal de Primera de Instancia la responsabilidad del ELA surge del Art. 1802 del Código Civil. Sin embargo no se trata éste de un caso presentado al amparo de la Ley de Pleitos contra el Estado, 32 L.P.R.A. sec. 3074 y ss., donde podría arguirse el derecho al resarcimiento de daños y perjuicios contra el ELA.

La parte demandada en este recurso es el Secretario de Justicia en su carácter oficial y no personal. Por lo tanto responde tan sólo de los actos ministeriales que le impone su cargo, devolver lo confiscado o pagar el valor de tasación más intereses, pero no el resarcimiento de daños. El Estado Libre Asociado no fue incluido como parte del presente caso. Resolvemos que bajo el Art. 1802 del Código Civil no procede el pago adicional de daños, distintos a la compensación de intereses dispuesta por la Asamblea Legislativa para estos casos en la Ley Uniforme de Confiscaciones de 1988.

Esto no obstante y teniendo en cuenta la contención del Tribunal de Primera Instancia sobre la aplicación del Art. 1802 del Código Civil, no debe olvidarse que es el propio Estado Libre Asociado de Puerto Rico quien ha enumerado los casos en que acepta ser demandado en daños y perjuicios. Como señalamos anteriormente las reclamaciones de daños y perjuicios contra el Gobierno están reguladas por la Ley de Pleitos contra el Estado, *supra*. En ésta se establecen los casos donde el Estado ha consentido a ser demandado y cuáles no. El Art. 2 de la mencionada ley, 32 L.P.R.A. sec. 3077, Inciso (b), señala que se podrá demandar al ELA en *"acciones para reivindicar propiedad mueble e inmueble, o derechos sobre las mismas, con o sin resarcimiento de perjuicios por los daños causados en dicha propiedad o por sus rentas y utilidades..."*.

Siendo éste nuestro parecer y reconociendo que, de entenderlo procedente, corresponde a la Rama Legislativa y no a este Tribunal enmendar la Ley Uniforme de Confiscaciones para permitir el pago de una segunda indemnización pretendida por el apelado por una confiscación ilegal cuando el bien ha sido destruido por el E.L.A. y éste percibía ingresos del mismo, revocamos la parte de la sentencia apelada que se refiere a dicha indemnización.

### III

Por los fundamentos antes expuestos, se revoca la parte de la sentencia dictada por el Tribunal de Primera Instancia que se refiere a la concesión de la suma de $75,000 por pérdida de ingresos y así modificada, se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General