JESÚS M. ALEJANDRO RIVERA y OTROS, demandantes y recurridos, *v.* El ESTADO LIBRE ASOCIADO DE PUERTO RICO y el SECRETARIO DE JUSTICIA DE PUERTO RICO, demandados y peticionarios.

*Número:* CE-94-436 *Resuelto:* 10 de abril de 1996

*Pedro A. Delgado Hernández, Procurador General, Carlos Lugo Fiol, Subprocurador General, y Héctor Clemente Delgado, Procurador General Auxiliar,* abogados de la parte recurrente; *Fràncisco Dolz Sánchez,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

Nos corresponde resolver si bajo la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723 y ss., procede el pago de intereses sobre el importe de tasación en aquellos casos en que el Estado devuelve la propiedad confiscada. Resolvemos esta controversia en la negativa, por lo que revocamos la resolución emitida por el extinto Tribunal Superior de Puerto Rico, Sala de San Juan (Hon. Flavio E. Cumpiano, Juez). Veamos.

I

El 12 de mayo de 1992 el Estado se incautó y confiscó dos (2) inmuebles pertenecientes a los esposos Jesús M. Alejandro Rivera y Graciela Morales Rosado; uno tasado en doscientos sesenta mil dólares ($260,000) y otro en ciento setenta mil dólares ($170,000). El 26 de mayo de 1992 los esposos Alejandro-Morales y la sociedad legal de gananciales compuesta por ambos presentaron una demanda sobre impugnación de confiscación ante el extinto Tribunal Superior de Puerto Rico, Sala de San Juan. Luego de varios trámites procesales dicho tribunal dictó senten-

cia el 10 de diciembre de 1993 en la que declaró nula la confiscación de los inmuebles y ordenó su devolución a los titulares. Los inmuebles fueron entregados a los demandantes el 2 de marzo de 1994.

Así las cosas, el 8 de marzo de 1994 los demandantes presentaron una moción para solicitar el pago de intereses sobre el importe de la tasación desde la fecha de la ocupación de los bienes inmuebles confiscados. Alegaron que el Art. 13 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723k-1), provee para ello. La parte demandada se opuso a dicha moción alegando que el pago de intereses sólo procedía cuando se devolvía una suma de dinero por haberse dispuesto de la propiedad y no cuando, como en el caso de autos, se devolvía la propiedad confiscada.

Finalmente el tribunal de instancia dictó resolución de 13 de mayo de 1994 en la que resolvió que "decretada por sentencia la ilegalidad de una confiscación, el Estado Libre Asociado de Puerto Rico viene obligado a pagar intereses sobre el importe de la tasación de la propiedad, o sobre el dinero por la cual se vendió, la que resulte mayor, desde la fecha misma de la ocupación, independientemente de si se devolvió la propiedad ocupada al demandante o de si le restituye su valor en dinero".[1] Razonó el tribunal de instancia que el pago de intereses procedía como compensación por los perjuicios económicos y las molestias al demandante como consecuencia de la confiscación ilegal y temeridad por el Estado. En consecuencia, ordenó al Estado pagar a los demandantes la suma de veintitresmil doscientos ochenta y nueve dólares con sesenta y seis centavos ($23,289.66) en concepto de intereses.

Inconforme, acude ante nos la parte demandada, representada por el Procurador General, y formula el señalamiento de error siguiente:

---

[1] *Exhibit* I, pág. 4.

ERRÓ EL HONORABLE TRIBUNAL SUPERIOR, SALA DE SAN JUAN, AL IMPONER EL PAGO DE INTERESES SOBRE UNA SENTENCIA EMITIDA EN UN CASO DE IMPUGNA-CIÓN DE CONFISCACIÓN QUE NO ORDENA EL PAGO DE DINERO Y EN LA QUE SOLAMENTE SE DISPUSO LA DE-VOLUCIÓN DE UNAS PROPIEDADES CUYA INCAUTA-CIÓN SE DETERMINÓ QUE ERA IMPROCEDENTE. Peti-ción de *certiorari*, pág. 5.

Expedimos el recurso y con el beneficio de la compare-cencia de las partes resolvemos.

## II

La Ley Uniforme de Confiscaciones de 1988 fue apro-bada con el propósito de actualizar las disposiciones de la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones que fue adoptada en 1960,[2] derogándola a dichos efectos, así como para ampliar el marco de la auto-ridad que podrá ejercer el Pueblo de Puerto Rico para con-fiscar la propiedad que ha sido utilizada con fines ilegales. Según se señala en la Exposición de Motivos de la Ley Núm. 93, *supra*, Leyes de Puerto Rico, pág. 409, "[l]a con-fiscación de los bienes que propician la comisión de un de-lito puede ser un elemento disuasivo para el delincuente que por temor a exponerse al peligro de perder su propie-dad limita su actividad delictiva o no le resulta tan fácil su realización. Además, es de justicia que la sociedad que ha sido perjudicada por las acciones delictivas pueda obtener algún beneficio mediante la confiscación de la propiedad utilizada en la comisión de un delito y se detenga su uso para futuras actuaciones delictivas".

■ Dicha ley fue enmendada mediante la Ley Núm. 55 de 16 de agosto de 1989 (34 L.P.R.A. sec. 1723 et seq.) a los efectos de adicionar un nuevo artículo 13, entre otras co-

---

[2] Ley Núm. 39 de 4 de julio de 1960, según enmendada, 34 L.P.R.A. ant. sec. 1721.

sas, el cual reconoce los derechos que se le han reconocido a un demandante que obtiene una sentencia favorable en una acción de impugnación de confiscación. Dicho artículo es el que ahora nos ocupa. Veamos.

 El Art. 13 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723k-1) dispone que:

Una vez transferida la custodia a la Junta por el funcionario que ocupó la propiedad, y después de transcurridos los términos mencionados en la sec. 1723k de este título, la Junta podrá disponer de la propiedad a tenor con este Capítulo y con los reglamentos que apruebe.

En aquellos casos que el tribunal decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada al demandante *o en caso de que haya dispuesto de la misma, el Estado Libre Asociado de Puerto Rico le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses de conformidad con la Regla 44.3 de Procedimiento Civil*, Ap. III del Título 32, a partir de la fecha de la ocupación. De la cantidad correspondiente al demandante, podrán descontarse los gastos realmente incurridos por la Junta en la reparación de la propiedad en los casos que aplique.

El demandante que interese reclamar *la devolución del vehículo o la suma a que tenga derecho* conforme al párrafo anterior presentará ante el Secretario de Justicia copia certificada de la resolución o sentencia que sea final y firme para que la Junta cumpla con lo aquí establecido. (Énfasis suplido.)

Aduce la parte demandante recurrida que procede el pago de intereses sobre el importe de tasación tanto en el caso en que se devuelva la propiedad como en el caso en que se pague una cantidad de dinero cuando el Estado ha dispuesto de ésta. A dichos efectos alega que el legislador quiso proveer para el resarcimiento al ciudadano que fue privado ilegalmente del bien confiscado, y que sería ilógico e irrazonable otro resultado.

Por su parte, la parte demandada peticionaria plantea que la letra de la ley es clara en cuanto a que el pago de intereses procede únicamente cuando la propiedad confiscada no se puede devolver, por lo que el tribunal está obli-

gado a respetar la voluntad legislativa aunque discrepe de su sabiduría, así como que la imposición de intereses no persigue el propósito de compensar los perjuicios económicos y las molestias al demandante por la confiscación. Le asiste la razón a la parte demandada peticionaria. Veamos.

De una lectura del artículo en controversia surge claramente que los intereses sólo procederán cuando se devuelva una suma de dinero por haberse dispuesto de la propiedad ocupada. Nada se provee en cuanto al pago de intereses en caso de que se devuelva la propiedad ocupada. Nótese que el referido artículo contiene dos (2) alternativas, a saber: (1) devolver la propiedad ocupada al demandante, o (2) en caso de que se haya dispuesto de ésta, se pagará una suma de dinero.

Sobre el particular hemos resuelto que el uso de la conjunción disyuntiva "o" tiene el efecto de desvincular las palabras entre las que es usada. *Mari Bras v. Alcaide*, 100 D.P.R. 506 (1972); *Pueblo v. Febres Colón*, 95 D.P.R. 172 (1967); *Pueblo v. Mantilla*, 71 D.P.R. 36 (1950).

De otra parte, del Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre el P. de la C. 324, pág. 4, el cual se convirtió en la Ley Núm. 55, *supra*, surge que la medida adicionaba "un nuevo Artículo 13 a la Ley Núm. 93, para establecer expresamente que en caso de que se decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada o, si ha dispuesto de la misma, resarcirá en efectivo al perjudicado, incluyendo el pago de intereses, a partir de la fecha de ocupación. ...". De ahí que queda claro que la intención del legislador fue imponer el pago de intereses solamente en aquellos casos que por haberse dispuesto de la propiedad se resarcirá en efectivo al perjudicado.

Recordemos la norma reiterada en *Silva v. Adm. Sistemas de Retiro*, 128 D.P.R. 256, 269 (1991), en cuanto a que "[c]uando la ley es clara y libre de toda ambigüedad, su

letra no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. Cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. *Atiles, Admor. v. Comisión Industrial*, 77 D.P.R. 16, 20 (1954). *Si el lenguaje de un estatuto es tan inequívoco que postula un solo significado, un sentido cabal de humildad y autodisciplina requiere la aplicación de la voluntad legislativa*". (Cita omitida y énfasis suplido.) Véanse, además: *Cotto v. Depto. de Educación*, 138 D.P.R. 658 (1995), y *Atlantic Pipe Corp. v. F.S.E.*, 132 D.P.R. 1026 (1993).

■ Además, nos señala R.E. Bernier y J.A. Cuevas Segarra, en su obra *Aprobación e interpretación de las leyes de Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, pág. 299, que "[b]ajo un sistema de separación de poderes como el que funciona en Puerto Rico, la Asamblea Legislativa tiene la facultad de aprobar las leyes. El Poder Judicial ejercitado por los tribunales consiste en el ejercicio de las facultades de resolver los litigios a través de la interpretación de la ley. En el desempeño normal de sus funciones, los tribunales están obligados a respetar la voluntad legislativa aunque los magistrados discrepen personalmente de la sabiduría de los actos legislativos. Interpretar una ley en forma que sea contraria a la intención del legislador implica la usurpación por la rama judicial de las prerrogativas de la rama legislativa. Por tanto, el intérprete debe abstenerse de sustituir el criterio legislativo por sus propios conceptos de lo justo, razonable y deseable".

Por ende, de entenderlo procedente, corresponde a la Rama Legislativa y no a esta Curia enmendar la Ley Uniforme de Confiscaciones de 1988 para extender el pago de intereses a aquellos casos en que se devuelve la propiedad confiscada. Siendo clara la disposición de la ley y libre de toda ambigüedad, ésta es la expresión por excelencia de la

intención legislativa por lo que debemos rechazar la interpretación que hiciera el tribunal de instancia.

■ Por último, carece de validez el argumento de la parte demandante recurrida en cuanto a que la imposición de intereses persigue el propósito de resarcir al ciudadano que fue privado ilegalmente del bien confiscado. En *Rodríguez Maldonado v. E.L.A.*, 114 D.P.R. 446, 449 (1983), al interpretar una disposición similar de la derogada Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, señalamos que "[e]s claro que el estatuto no confiere derecho alguno al dueño para que el Estado le compense por la pérdida de uso del vehículo o por el deterioro causado por el transcurso del tiempo". Por lo tanto, no procede la imposición de intereses como resarcimiento al demandante.[3]

Por los fundamentos antes expuestos, se revoca la resolución recurrida y, por ende, se deja sin efecto la imposición a la parte demandada del pago de veintitrés mil doscientos ochenta y nueve dólares con sesenta y seis centavos ($23,289.66) a favor de la parte demandante por concepto de intereses.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.

---

[3] Como cuestión de hecho, el Procurador General indica en su informe que la parte demandante recurrida, mediante Carta de 8 de marzo de 1994, a tono con las disposiciones de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. sec. 3077 y ss., notificó su intención de demandar por la interrupción del negocio "The Orchid Shop", los honorarios de abogado, los gastos para rehabilitar el inmueble, los daños causados por vandalismo al inmueble principal y las humillaciones y angustias mentales.