EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Primera Cooperativa de Ahorro y Crédito Puerto Rico<br><br>Peticionaria<br><br>v.<br><br>Carmen R. Hernández Hernández<br><br>Recurrida | Certiorari<br><br>2020 TSPR 127<br><br>205 DPR _____ |

Número del Caso:  CC-2019-359


Fecha:  20 de octubre de 2020


Tribunal de Apelaciones:

    Circuito Regional de San Juan, I


Abogado de la parte peticionaria:

    Lcdo. Juan Enrique Santana Felix


Materia:  Procedimiento Civil:  Antes de desestimar una demanda presentada bajo la Regla 60, procede que el TPI considere la conversión de la causa de acción al procedimiento civil ordinario, esto, independientemente de que el término de los 10 días para diligenciar la notificación-citación haya transcurrido.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Primera Cooperativa de Ahorro
y Crédito Puerto Rico

    Peticionaria

       v.                 CC-2019-359     Certiorari

Carmen R. Hernández Hernández

    Recurrida


Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo


En San Juan, Puerto Rico, a 20 de octubre de 2020.

En <u>Asoc. Res Colinas Metro v. S.L.G.</u>, 156 DPR 88 (2002) este Tribunal analizó el origen, el propósito y el historial de la Regla 60 de Procedimiento Civil de 1979 (Regla 60).[1] En esa oportunidad determinamos que, por las diferencias existentes entre este mecanismo sumario y el procedimiento ordinario, el término de 6 meses que disponía la Regla 4.3(b) de Procedimiento Civil,[2] para diligenciar un emplazamiento, y la Regla 39.2(b) del mismo cuerpo de normas para desestimar por inactividad son inaplicables a la Regla 60. En esta ocasión, y a raíz de la aprobación de nuestro

_____

[1] 32 LPRA Ap. III.

[2] Íd.

ordenamiento procesal civil en el 2009 y las enmiendas a la Regla 60 de Procedimiento Civil[3] (Regla 60), revisitamos esta herramienta expedita.

En específico, tenemos la oportunidad de determinar si, ante la imposibilidad de diligenciar la notificación-citación a la parte demandada, procede la desestimación de la demanda al amparo de la Regla 60 o si, por el contrario, corresponde la conversión del pleito a un procedimiento civil ordinario.

Por los fundamentos que expondremos a continuación resolvemos que, antes de desestimar una demanda presentada bajo la Regla 60, procede que el Tribunal de Primera Instancia considere la conversión de la causa de acción al procedimiento civil ordinario, esto, independientemente de que el término de los 10 días para diligenciar la notificación-citación haya transcurrido.

I

El **12 de febrero de 2019**, la Primera Cooperativa de Ahorro y Crédito de Puerto Rico (Cooperativa o peticionaria) presentó una demanda sobre cobro de dinero al amparo de la Regla 60 a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Ese mismo día, mediante SUMAC, el tribunal de instancia emitió la notificación-citación dirigida a la parte demandada, la Sra. Carmen R. Hernández Hernández (señora Hernández

---

[3] 32 LPRA Ap. V.

Hernández o recurrida) y señaló la vista en su fondo para el **20 de marzo de 2019.**

Como parte del trámite, el **14 de febrero de 2019** la Cooperativa envió la notificación-citación a la señora Hernández Hernández mediante correo certificado a la última dirección conocida de la recurrida. Sin embargo, el **17 de febrero de 2019** el servicio postal de los Estados Unidos devolvió la correspondencia con la nota siguiente: "Return to Sender- Vacant- Unable to Forward".

En vista de que el trámite por correo certificado resultó ineficaz, la Cooperativa utilizó los servicios de un emplazador para diligenciar personalmente la notificación-citación. Éste, mediante declaración jurada de **18 de marzo    de 2019,** luego de detallar las diligencias que realizó para localizar a la recurrida, afirmó que no pudo entregar la notificación-citación a la señora Hernández Hernández.

A raíz de lo anterior, el **19 de marzo de 2019** la Cooperativa solicitó al tribunal de instancia la conversión del procedimiento a uno ordinario, y así conseguir la autorización para emplazar a la recurrida por edicto. En apoyo a la solicitud, acompañó la declaración jurada del emplazador. No obstante, al día siguiente, durante la vista en su fondo, el foro de instancia negó la petición de la Cooperativa y decretó la desestimación de la causa de acción sin perjuicio por falta de jurisdicción sobre la recurrida. En el dictamen, el foro de instancia determinó

que el emplazamiento por edicto era contrario al espíritu de la       Regla 60 y que la Cooperativa presentó la moción vencidos los 10 días para diligenciar la notificación-citación.

Inútilmente, la Cooperativa solicitó la reconsideración del foro de instancia y, ante este cuadro, acudió ante el Tribunal de Apelaciones. **Allí, la Cooperativa argumentó que la necesidad de emplazar por edicto a la señora Hernández Hernández no conllevaba la desestimación del pleito, sino la conversión del procedimiento de sumario a ordinario.** A pesar del planteamiento formulado, el foro apelado confirmó la sentencia. Fundamentó la decisión en que los medios para adquirir jurisdicción al amparo de la       Regla 60 son la citación por correo certificado o el diligenciamiento personal, y la norma procesal no provee para autorizar el emplazamiento por edicto. Asimismo, razonó que la solicitud de la conversión al procedimiento ordinario resultó tardía toda vez que la Cooperativa tenía que presentar la petición dentro del término de 10 días para diligenciar la notificación-citación es decir, en o antes del **22 de febrero de 2019.**

Tras no lograr que el foro apelativo intermedio reconsiderara el dictamen, la Cooperativa acudió ante esta Curia y señaló lo siguiente:

> Erró el Tribunal de Apelaciones al decidir contrario a derecho y a la normativa jurisprudencial vigente al exigir que para

convertir un pleito sumario de Regla 60 en pleito ordinario, la parte demandante tiene que diligenciar en forma negativa la notificación citación dentro del término jurisdiccional de 10 días y solicitar la conversión dentro de ese mismo término lo que resulta inconsistente con decisiones de otros paneles del propio Tribunal de Apelaciones.

II

A. Asoc. Res Colinas Metro v. S.L.G.

Como mencionáramos, en Asoc. Res Colinas Metro v. S.L.G., supra, tuvimos la oportunidad de analizar el origen, el propósito y el historial legislativo de la Regla 60 de Procedimiento Civil de 1979. En esa ocasión reiteramos que su "propósito original era simplificar los procedimientos en causas de menor cuantía para así facilitar el acceso al proceso judicial del litigante pobre".[4] De hecho, cuando atendimos el caso en el 2002, esta norma procesal había sufrido varias enmiendas relacionadas a la forma en que el demandado debía ser notificado de la causa de acción presentada en su contra. Sin embargo, a pesar de las modificaciones, expresamos que el propósito primordial de la Regla 60 siempre ha sido el mismo: "*agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de*

---

[4] Asoc. Res Colinas Metro v. S.L.G., 156 DPR 88, 96 (2002) citando Pérez Colón v. Cooperativa de Cafeteros, 103 DR 555, 558-559 (1975).

*reclamación".*(Énfasis en el original).[5] Del mismo modo, debido al principio sumario de la Regla 60, declaramos que a este trámite expedito "le aplicarán las reglas de procedimiento civil ordinario de manera supletoria,[…] en tanto y en cuanto éstas sean compatibles con el procedimiento sumario establecido en dicha regla".[6]

Fundamentado en lo anterior hemos resuelto que el emplazamiento por edicto,[7] la contestación a la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria.[8] Además, para que un dictamen en rebeldía prevalezca en un litigio de cobro de dinero al amparo de esta norma procesal, el foro primario se cerciorará de que: (1) el demandado sea el deudor, (2) éste recibió la notificación-citación conforme a derecho y, (3) de la prueba aportada por el demandante, éste demostró que tiene una causa de acción de cobro de dinero líquida y exigible en contra del demandado.[9] La razón que vertimos es que, contrario a la vía civil ordinaria, mediante el

---

[5] Asoc. Res Colinas Metro v. S.L.G., supra, pág. 97.

[6] Íd, pág. 98.

[7] Contrario a las normas procesales de 1979, el ordenamiento procesal civil aprobado en el 2009 eliminó de este mecanismo sumario la citación por edicto del demandado si éste residía fuera de Puerto Rico. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da Ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1804. Además, el trámite que conlleva emplazar por edicto tal cual postula la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, es contrario a la naturaleza acelerada del mecanismo sumario de la Regla 60 de Procedimiento Civil.

[8] Asoc. Res Colinas Metro v. S.L.G., supra, págs. 99-100.

[9] Asoc. Res Colinas Metro v. S.L.G., supra, págs. 99-100.

mecanismo de la Regla 60 no podemos dar por admitidos los hechos alegados en la demanda y así obviar la presentación de la prueba sobre el particular.[10]

Por otro lado, determinamos que el diligenciamiento personal es compatible con la Regla 60 y, en lo concerniente, expresamos lo siguiente:

> Al ser el diligenciamiento personal el método más efectivo para garantizar que a la parte demandada se le notifica de la reclamación en su contra y de la fecha cuando se celebrará la vista en su fondo, para que pueda comparecer a defenderse, si así lo desea, éste es compatible con la Regla 60, *supra*; por lo tanto, está permitido a pesar de no estar específicamente dispuesto en dicha regla.[11]

Ahora bien, para resolver la controversia que nos ocupa no basta con nuestros pronunciamientos en <u>Asoc. Res Colinas Metro v. S.L.G.,</u> supra, sino que corresponde, además, armonizar esta casuística con la redacción actual de la Regla 60 para así continuar con la uniformidad y efectividad del propósito que persigue el trámite sumario.

B. <u>Regla 60 de Procedimiento Civil de 2009</u>

Luego de la aprobación de las Reglas de Procedimiento Civil en el 2009, la Regla 60 ha sufrido varias revisiones, mayormente dirigidas a la modificación sobre en quién recae la responsabilidad de diligenciar la notificación-

---

[10] Íd., pág. 100.

[11] <u>Asoc. Res. Colinas Metro. v. S.L.G.,</u> supra, pág. 102, citando a <u>León v. Rest. El Tropical</u>, 154 DPR 249 (2001); <u>First Bank of P.R. v. Inmob. Nac., Inc.,</u> 144 DPR 901, 916 (1998); <u>Granados v. Rodríguez Estrada II,</u> 124 DPR 593, 610 (1989); <u>Rodríguez v. Nasrallah</u>, 118 DPR 93, 99 (1986).

citación.[12] Así, después de varios cambios al respecto, en la última enmienda aprobada mediante la Ley Núm. 96-2016, la Regla 60 establece lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que **será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado**.
>
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a

---

[12] Debemos señalar que la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, (Regla 60) aprobada en el 2009 inicialmente descargó sobre la parte demandante la responsabilidad de diligenciar la notificación-citación dentro de los 10 días de presentada la demanda y debía incluir copia de ésta mediante entrega personal conforme la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, o por correo certificado **con acuse de recibo**. En cuanto a peticionar la conversión del procedimiento ordinario, **solo facultó al tribunal** para *motu proprio* ordenar **y a la parte demandada**, siempre y cuando, ésta demostrara alguna reclamación sustancial o en el interés de la justicia.

Posteriormente, la Regla 60 se enmendó mediante la Ley Núm.98-2010 para permitir que la parte demandante presentara una **declaración jurada o prueba documental con la demanda**. Así, según la Exposición de Motivos, el Tribunal de Primera Instancia examinaría las reclamaciones y alegaciones de antemano para resolver el pleito sin la presentación de un testigo de la parte demandante en los casos que se atenderían en rebeldía. No obstante lo anterior, **la parte demandante mantuvo la responsabilidad de diligenciar la notificación-citación a la parte demandada.**

Dos años más tarde, la Asamblea Legislativa enmendó la norma procesal para que la **secretaria o secretario del tribunal de instancia expidiera y notificara la notificación-citación** mediante la Ley Núm. 98-2012 y **para reconocer el derecho de las partes para solicitar la continuación del trámite ordinario de ser necesario.**

Finalmente, la Legislatura revirtió la responsabilidad de diligenciar la notificación-citación mediante la Ley Núm. 96-2016. Las razones vertidas por la Asamblea Legislativa en la Exposición de Motivos es que descargar la responsabilidad en la Rama Judicial podía incidir sobre el derecho a un debido proceso de ley al demandado y, además, nos resultó más costoso. De esta manera, **recayó nuevamente en el promovente de la acción la responsabilidad de diligenciar la notificación-citación**. Asimismo, la enmienda exige que, **para que el trámite se ventile por el procedimiento sumario, la parte demandante tiene que conocer y proveer el nombre y la última dirección conocida de la parte demandada**.

partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. **Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.**

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, **la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.** (Énfasis suplido)

De una lectura a la precitada norma se recoge, en primer lugar, que cuando la suma adeudada no excede de los $15,000 y, al presentar la demanda, no se solicite que el pleito se ventile por el procedimiento ordinario, la responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante. La expedición de la

notificación-citación igualmente es un trámite ágil pues, según la Regla 60, tan pronto la secretaria o secretario del tribunal de instancia reciba el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento.

En lo concerniente a este aspecto, la regla permite que el promovente de la acción seleccione la forma en que diligenciará la notificación-citación, a saber: por correo certificado o mediante entrega personal conforme a lo dispuesto en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V.[13] **No importa cuál de estas dos opciones prefiera la parte demandante, lo transcendental es que la notificación-citación del promovente sea diligenciada, dentro de los 10 días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible.**[14] Recuérdese que la notificación-citación tiene una función dual: por un lado notifica al demandado la reclamación en cobro de

---

[13] Cabe destacar que en el pasado hemos expresado que "la conjunción disyuntiva 'o' tiene el efecto de desvincular las palabras entre las que es usada". Alejandro Rivera v. ELA, 140 DPR 538, 544 (1996). En el contexto de este caso, la parte demandante tiene dos alternativas para diligenciar la notificación-citación en este mecanismo expedito.

[14] Recalcamos que esto cobra mayor importancia en un dictamen al amparo de la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, pues para que proceda una sentencia en rebeldía por el mecanismo de la Regla 60, el promovente debe "demostrarle al tribunal que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó". Asoc. Res Colinas Metro v. S.L.G., supra, pág. 99.

dinero presentada en su contra y por el otro el promovido es citado para la vista en su fondo.[15]

En el acto de la vista, el tribunal de instancia se asegurará de que de la notificación-citación surja el nombre del deudor y la última dirección conocida.[16] Dicha información se corroborará con los hechos formulados en la primera alegación y con la prueba o documento, si alguno, anejado a la demanda.[17] El foro de instancia verificará que la notificación-citación advierta al promovido que en la vista éste "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra".[18]

En cuanto a la fecha consignada en la notificación-citación para la vista en su fondo, ésta se debe celebrar "no más tarde de los tres (3) meses[, contados] a partir de la presentación de la demanda".[19] Además, habida cuenta de que la norma procesal establece que la vista en su fondo

---

[15] Asoc. Res Colinas Metro v. S.L.G., supra, pág. 98.

[16] Íd., págs. 99-100.

[17] Es oportuno puntualizar que la regla dispone que la parte demandante podrá, en apoyo a los hechos contenidos en la demanda, anejar una declaración jurada o copia de cualquier otro documento que evidencie las reclamaciones plasmadas en la primera alegación. Así, si la parte demandada no comparece a la vista en su fondo y el foro primario determina que ésta fue notificada de la causa de acción conforme a derecho más la suma que ésta adeuda, la parte demandante no tendrá que presentar testigos en la vista en su fondo. Véanse, Exposición de Motivos de la Ley 98, supra; Asoc. Res Colinas Metro v. S.L.G., supra, pág. 100.

[18] En ese sentido, debemos aclarar que en la advertencia no se consignará que la parte demandada "**podrá** exponer su posición…". La norma procesal es clara en el contenido de la advertencia, es decir la parte demandada "**deberá** exponer su posición respecto a la reclamación". Regla 60 de Procedimiento Civil, *supra*.

[19] Regla 60 de Procedimiento Civil, *supra*.

"nunca [se llevará a cabo] antes de quince (15) días de la notificación a la parte demandada", en caso de imposibilidad con el cumplimiento del término que establece la regla, corresponderá que el foro de instancia señale una nueva fecha para la vista en su fondo.[20]

Por otro lado, la Regla 60 impone que, "una vez superados estos aspectos de notificación [] y cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y dictará sentencia inmediatamente".[21] Esto cobra mayor relevancia cuando se trata de la comparecencia de las partes y, en lo pertinente, en Asoc. Res Colinas Metro v. S.L.G., supra, expresamos:

> Si el demandado comparece a la vista, éste tiene derecho a refutar tanto el derecho al cobro de dinero como cualquier otra cuestión litigiosa. De otra parte, si el demandado no comparece, para poder prevalecer en rebeldía, la parte demandante tiene que demostrarle al tribunal que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó. La comparecencia de la parte demandante a la vista es esencial para que el tribunal pueda determinar si procede dictar sentencia a su favor. *Una vez celebrada la vista, si el demandado no tiene una defensa sustancial, no puede refutar la prueba presentada por el demandante o no demuestra que la acción es contraria al interés de la justicia, el tribunal dictará sentencia inmediatamente a favor del demandante.* (Énfasis en el original).[22]

Es importante resaltar que uno de los cambios más significativos incorporados a la Regla 60 mediante la

---

[20] Asoc. Res Colinas Metro v. S.L.G., supra, pág. 104, n.13.

[21] Asoc. Res Colinas Metro v. S.L.G., supra, pág. 100.

[22] Íd., pág. 89.

Ley Núm. 98-2012 es que cualquiera de las partes, en el interés de la justicia, "**tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario** prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario".[23] Obsérvese que, antes de esta enmienda, el derecho lo poseía **únicamente** la parte demandada. Así que, luego de presentada la demanda sumaria y en el interés de la justicia, la parte demandante **tiene derecho** a solicitar que el pleito continúe ventilándose por el procedimiento tradicional. **Claro está, el reconocimiento de este derecho a las partes no implica que automáticamente la conversión deba ser concedida, sino que el tribunal de instancia deberá sopesar los méritos de la solicitud.**

Resumiendo, vemos que de la norma surgen las instancias por las cuales un litigio al amparo de la Regla 60 debe o puede convertirse al procedimiento ordinario: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. Además de las circunstancias que

---

[23] Regla 60 de Procedimiento Civil, *supra*.

refleja la norma procesal para desviar el litigio del procedimiento sumario, explica acertadamente el Prof. José A. Cuevas Segarra que, si fuera necesario emplazar por edicto, "la reclamación deberá ventilarse por el trámite ordinario".[24]

Ahora bien, el problema surge del hecho de que aun cuando la Regla 60 establece los supuestos por los cuales se tramitaría o podría tramitarse un pleito por el procedimiento ordinario, ésta no indica el término para que una parte solicite o que el tribunal ordene la transformación del proceso. Además, tampoco dispone qué ocurrirá en caso de incumplimiento con el término dispuesto para diligenciar la notificación-citación. Nótese que ambos vacíos en la norma están relacionados entre sí.

Al respecto, el Prof. Rafael Hernández Colón reconoció que la norma procesal en cuestión "no provee para la desestimación por incumplimiento con el término del diligenciamiento" y añadió además:

> [D]ebe tenerse presente que ello puede conllevar que el tribunal imponga sanciones y que traslade el caso al procedimiento ordinario. En este último supuesto, el tribunal debe ordenarle al demandante que presente en Secretaría los correspondientes emplazamientos, en caso de incumplimiento, procedería la desestimación automática conforme con la R. 4.3(c), 2009.[25]

Como vemos, si bien el estatuto procesal guarda silencio al respecto, **sí podemos colegir que su redacción**

---

[24] J.A. Cuevas Segarra, _Tratado de Derecho Procesal Civil_, 2da Ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1804.

[25] R. Hernández Colón, _Práctica jurídica de Puerto Rico, Derecho procesal civil_, 6ta ed., San Juan, P.R., Ed. Lexis Nexis, 2017, pág. 628.

**se inclina hacia la conversión ordinaria del procedimiento, y no a la desestimación del litigio.** Lo anterior implica que, una vez corresponda que el tribunal ordene la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional

Ahora bien, es evidente que, irrespectivamente de la norma del trámite procesal ordinario que utilice el tribunal de instancia para desestimar una causa de acción presentada al amparo de la Regla 60, ésta es la sanción más drástica.[26] En este aspecto es claro que la Regla 4.3(c) es incompatible con la Regla 60 en cuanto a la obligación del tribunal de instancia a dictar sentencia decretando la desestimación sin perjuicio de la causa de acción una vez hayan transcurrido los 120 días sin que la parte demandante haya diligenciado el emplazamiento. **Es decir, por la severidad que conlleva la desestimación, y el término breve de este mecanismo sumario, decretamos que, transcurridos los 10 días sin que la parte demandante haya diligenciado la notificación-citación a la parte demandada, no procede obligatoriamente la desestimación al amparo de la Regla 4.3(c).**

Y es que, si en nuestro sistema tradicional la desestimación es la última de las medidas que provee la Regla 39.2(a) de Procedimiento Civil (Regla 39.2 (a))[27] para sancionar la parte que incumple con una norma procesal o

---

[26] Banco Popular v. S.L.G., 164 DPR 855, 864 (2005).

[27] 32 LPRA Ap. V.

una orden del tribunal de instancia, entonces, ¿por qué considerar esta medida en el trámite sumario si la Regla 60 permite la conversión del trámite judicial? La desestimación al amparo de la Regla 39.2(a) en este mecanismo acelerado contraviene y hace impráctico el principio cardinal que postula la Regla 1 de Procedimiento Civil de resolver las controversias de forma justa, rápida y económica, tampoco garantiza un debido proceso de ley ni el acceso al foro judicial. Mas bien, la desestimación en un caso como el de autos, promueve que las reclamaciones al amparo de la Regla 60 sean un procedimiento injusto, lento y costoso. Máxime cuando la norma procesal permite, promueve y así hemos avalado, que las partes comparezcan por derecho propio.[28]

**Por lo tanto, si a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.**

III

Del tracto procesal del caso surge que cuando la Cooperativa presentó la demanda el 12 de febrero de 2019 ésta conocía y proveyó el nombre y la última dirección de

---

[28] Asoc. Res Colinas Metro v. S.L.G., supra, pág. 103.

la señora Hernández Hernández; además, incluyó la cantidad líquida y exigible de la deuda. Así, cumplió con el requisito *sine qua non* para que el trámite fuera expedito. Inicialmente, y como medio más económico, la peticionaria optó por diligenciar la notificación-citación por correo certificado el **14 de febrero de 2019 y, a los 3 días, ésta fue devuelta** por el servicio postal de los Estados Unidos. Ante este cuadro, la Cooperativa intentó gestionar el diligenciamiento personal con un emplazador y éste, en la declaración jurada de **18 de marzo de 2019**, manifestó las diligencias que realizó sin éxito para localizar a la señora Hernández Hernández. En vista de lo anterior, **el 19 de marzo de 2019, la Cooperativa ejerció el derecho de solicitarle al foro de instancia la conversión ordinaria del procedimiento y, en consecuencia, obtener la autorización para emplazar por edicto a la recurrida.** Sin embargo, en la vista en su fondo celebrada el **20 de marzo de 2019,** el tribunal de instancia desestimó sin perjuicio por falta de jurisdicción, en vez de ponderar, en primer lugar y en el interés de la justicia, la solicitud que en derecho poseía la Cooperativa.

Ahora bien, coincidimos con el razonamiento de los foros inferiores de que por la naturaleza de la Regla 60, ésta no autoriza el emplazamiento por edicto porque conflige con el trámite sumario. **Sin embargo, contrario a las conclusiones de los foros recurridos, no estamos ante un cuadro fáctico en el que se peticionó emplazar por edicto para continuar con el procedimiento sumario.**

**Precisamente, como la Cooperativa interesaba que el tribunal de instancia adquiriera jurisdicción, necesitaba la conversión del trámite para emplazar a la recurrida por edicto.**

Por otro lado, si bien la peticionaria formuló la petición luego del 22 de febrero de 2019, según interpretamos, **resolvemos que el término de los 10 días de la Regla 60 es para diligenciar la notificación-citación y no para solicitar que el caso se continúe bajo el procedimiento ordinario.** Así que, lo resuelto por los foros recurridos de que la Cooperativa formuló la petición de manera tardía y, por ello, incumplió con la Regla 60 es improcedente.

Ciertamente, el dictamen en este caso no resultaba justo, ni rápido y mucho menos económico. No es justo penalizar con la desestimación a la Cooperativa -como parte demandante- por intentar agotar los medios alternativos de diligenciamiento que ofrece la Regla 60 para permanecer en el mecanismo sumario. Es indiscutible que el foro de instancia tomó livianamente los méritos de la petición de la Cooperativa. La desestimación trascendió como una solución rápida para el tribunal, pero la repercusión para el promovente no refleja economía alguna en la medida que la Cooperativa tendría que gastar en aranceles para presentar nuevamente la causa de acción bajo el procedimiento civil ordinario, tal como ya le había solicitado al foro de instancia.

Es indudable que, ante la imposibilidad de diligenciar la notificación-citación, el tribunal de instancia no adquirió jurisdicción sobre la señora Hernández Hernández. Efectivamente, ese era el interés de la justicia que establece la Regla 60 que requería la concesión de la petición de la Cooperativa de convertir el trámite en uno ordinario, y así, ésta pudiera emplazar por edicto.

IV

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones y el dictamen del Tribunal de Primera Instancia conforme a lo aquí resuelto. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos según lo aquí dispuesto.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Primera Cooperativa de Ahorro
y Crédito Puerto Rico

    Peticionaria

        v.                   CC-2019-359     Certiorari

Carmen R. Hernández Hernández

    Recurrida

SENTENCIA

En San Juan, Puerto Rico, a 20 de octubre de 2020.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la Sentencia del Tribunal de Apelaciones y el dictamen del Tribunal de Primera Instancia conforme a lo aquí resuelto. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos según lo aquí dispuesto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo